*331 OPINION of the Court, by
Judge Bibb.
— M’Kee confessed judgment in an action by Samuel as assignee of Daveiss, upon a note for five pounds with this endorsement : u If M’Kee does not bring suit against William Trigg, I am not to demand the within five pounds. J. H. Daveiss.” The confession was made with a reservation of the right tc have the case heard in equity.
M’Kee exhibited his bill praying a perpetual injunction against the judgment, in which he states that he spoke to Daveiss as an attorney at law, to renew an action ot covenant vs. William Trigg, wrilch had been dismissed for want of prosecution, and to prosecute a caveat intended to be entered against the emanation of a grant to said Trigg for land to which the complainant had a claim — that he agreed to give five dollars.in the case of covenant, and five pounds in the caveat (in *332 ease jt should be prosecuted,) as fees to his said law-yer > that gave h's notes for those fees on the same piece of paper, and the endorsement before recited was ma¿e by Daveiss ; that before the caveat could be filed a grant had issued to Trigg, wherefore the five pounds were not due, but that Daveiss had assigned the note to Samuel, &c. The bill prays a discovery from Daveiss, the caveat was not alluded to and intended by the endorsement, and if any suit on the caveat had been com* mence<^> &c*
Daveiss answered that he was employed as coun-sellor and attorney for the complainant, on sundry suits in several courts ; “ he doth not remember for what suit the note in the bill mentioned was given “ that he had several notes from the complainant “ he therefore leaves the complainant to his proofthat he “ hath been informed that upon examination into the proper offices, it is found that all suits wherein he was employed by said plaintiff were faithfully pursued.”
Upon hearing, a perpetual injunction against the judgment at law was decreed, to which the defendants prosecuted this writ of error.
The endorsement of the note shews that Daveiss had but a contingent claim on M’Kee ; if that contingency has never happened, Daveiss had no right to demand payment, and his assignee is in no better situation. The exhibits corroborate the statements in the bill. The answer of Daveiss does not meet the general allegations or the particular interrogatories. The bill charges that Daveiss took two notes, the one for five dollars, the fee in covenant, the other for five pounds, the fee in aca-veat. Baveiss answers that he had several notes from the complainant. The bill charges that the caveat never was commenced : Daviess answers that by “ examination into the proper offices, it is found that all suits wherein he was employed by the said plaintiff, were faithfully pursued.” If a caveat had been prosecuted by Daveiss as M’Kee’s attorney, it was easy for Da-veiss to have stated the court in which it had been prosecuted, and to have proved it by the record. It could not have been required of M’Kee to search all the offices in the state, and take depositions to a negative proposition, that no caveat had been commenced in any of them by him against Trigg. When Daveiss is *333 particularly interrogated, whether the noté m question, was not given in consideration of services to have been. rendered in a contemplated caveat, he answers that “ he doth not remember” i If he cannot remember whether the services were rendered, in expectency of which, the note was given, he ought not in conscience to enforce payment. If he cannot remember, to what suit, the endorsement had reference, he ought not to be permitted to profit by the uncertainty of the, endorsement made by himself.-Decree affirmed.